UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Malcom and Tim McGough, as                     Civil No. 05-2954 (PAM/JSM)
Trustees of the Carpenters and Joiners Welfare
Fund, Twin City Carpenters Pension Master
Trust Fund, Carpenters and Joiners Apprentice-
ship and Journeymen Training Trust Fund, and
Twin City Carpenters Vacation Fund; and
each of their successors;

                          Plaintiffs,

v.                                                   **MEMORANDUM AND ORDER**

Rochester Acoustical, Inc. and Dave A.
Smith, individually,

                          Defendants.

_____

     This matter is before the Court on Plaintiffs' Motion for a Default Money Judgment. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

     Plaintiffs are trustees and fiduciaries of various fringe benefit trust funds that were established to provide pension, health, welfare, and vacation benefits, as well as training, to employees doing carpentry work in the construction trades (hereinafter "Funds").  The Funds are maintained by the unions and employers for the benefit of workers pursuant to collective bargaining agreements.

     On August 14, 2000, Defendants Rochester Acoustical, Inc. and Dave A. Smith agreed to be bound to a collective bargaining agreement between the Lakes and Plains Regional Council of Carpenters and Joiners, the Carpentry Contractors Association, and the Minnesota

Drywall and Plaster Association.    In this action, Plaintiffs allege that Defendants have failed to pay fringe benefit contributions owed under the collective bargaining agreement.

## DISCUSSION

Plaintiffs seek a default judgment against Defendants.    Plaintiffs filed a Summons and Complaint on December 22, 2005, and served the Summons and Complaint on Defendants on January 4, 2006.   Defendants have failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel.    Accordingly, default judgment is proper.   See Fed. R. Civ. P. Rule 55(a).

To determine the appropriate amount of damages, the Court has reviewed the applicable provisions of the collective bargaining agreements, as well as affidavits of Plaintiffs' auditor and counsel.  See Fed. R. Civ. P. 55(b).

### A.    Fringe Benefits Contributions

Plaintiffs maintain that Defendants have failed to pay fringe benefit contributions owed under the collective bargaining agreement.    The collective bargaining agreement requires Defendant to submit fringe benefit contribution reports and payments each month to Plaintiffs. The agreement also provides that an employer must promptly furnish to the Funds' trustees or their authorized agents all necessary employment and payroll records to ensure the proper administration of the Funds.

After Defendants produced records for the period of January 2004 through March 2005, the Funds' auditor reviewed the records and determined that Defendants owed $1,490.78 to the Funds.  (Wilson Aff. ¶ 11, Ex. D.)

**B.      Liquidated Damages**

Plaintiffs also contend that Defendants owe them liquidated damages.  The collective bargaining agreement provides that liquidated damages equal ten percent of the delinquent fringe benefit contribution amounts are due if Defendants fail to make timely payments.  Ten percent of the fringe benefit contributions allegedly due to the Funds for the period of January 2004 to March 2005 equals $149.08.  (Id. at ¶ 12.)

**C.      Attorneys' Fees**

Finally, Plaintiffs claim they are owed costs relating to this action.  The collective bargaining agreement, as well as the Employee Retirement Income Security Act, provides that a delinquent employer shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees and court fees, incurred by or on behalf of the Funds in determining, assessing, and collecting the amount due.  Plaintiffs' counsel averred that Plaintiffs have incurred $1,529.39 in attorneys' fees and costs related to the collection of the delinquent amount under the collective bargaining agreements.  (Nissen Aff. ¶ 5.)

**CONCLUSION**

Defendants are in default, and Plaintiffs are entitled to a Default Money Judgment. Accordingly,  **IT IS HEREBY ORDERED** that:

1.      Plaintiffs' Motion for Default Money Judgment (Docket No. 4) is **GRANTED**; and

2.      Judgment is entered against Defendants Rochester Acoustical, Inc. and Dave A. Smith in the amount of $3,169.25in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 5, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge